STATE OF NORTH CAROLINA     FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ALAMANCE COUNTY     22-CVS-_____

2022 JUL -8 A 9 44

ALAMANCE CO., C.S.C.
BY_____

Piedmont Roofing Services, LLC

Plaintiffs,

vs.

Nationwide General Insurance

Defendants.

**PLAINTIFFS' COMPLAINT**

COMES NOW Plaintiffs Piedmont Roofing Services, LLC, by and through their undersigned counsel, and for their causes of action against Defendant Nationwide General Insurance Plaintiffs allege and say as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiffs are or were domestic limited liability companies authorized to conduct business in the State of North Carolina, more particularly the County of Alamance.

2. The Defendant herein, Nationwide General Insurance, is a corporation organized and existing pursuant to the laws of a State other than the State of North Carolina, that conducts business, at all times relevant hereto, in Alamance County, North Carolina.

3. Venue is appropriate in Alamance County pursuant to N.C. Gen. Stat. § 1-79.

4. Jurisdiction is proper in this Superior Court pursuant to N.C. Gen. Stat. § 7A-24.

5. This matter involves Nationwide General Insurance (hereinafter, "Nationwide") failure to pay multiple claims (hereinafter, collectivity, the "Claims") for covered losses arising in Alamance County, North Carolina (hereinafter, the "Loss"), which is covered by a policy of insurance issued by Nationwide to its insured (hereinafter, the "Policy").

6. The acts and omissions of the Defendants, and each of them, giving rise to this cause of action occurred and proximately resulted in injuries and damages, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to the Plaintiffs in North Carolina.

1

## FACTS

7. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 6 as though fully set forth herein.

8. Upon information and belief, on or about November 12, 2020, Nationwide insured Clarence and Faye Yarborough (hereinafter "Insured").

9. Clarence and Faye Yarborough are individuals who reside at 2973 N. NC Highway 49, Burlington, NC in Alamance County North Carolina. This property covered under the Policy at issue and is the residence.

10. Upon information and belief, the insurance policy through which Nationwide insured Clarence and Faye Yarborough was policy number 299590-GL.

11. Upon information and belief, a hail event caused substantial damage to Insured's property on or about November 12, 2020, which damage and event is the Loss.

12. Upon information and belief, the Loss and corresponding event is/are covered under the Policy.

13. Plaintiffs were hired to make repairs to the various buildings located throughout 2973 N. NC Highway 49, Burlington, NC.

14. By and through its Proposal and Contract dated January 3, 2021, the Insured assigned and directed the Claims to Piedmont Disaster Services, L.L.C. (hereinafter, "Piedmont"), a copy of which Proposal and Contract accompanies this Complaint and is incorporated herein as "Exhibit A."

15. As a result of the Loss, Plaintiffs filed the Claims with Nationwide, thereby notifying Nationwide of the Loss.

16. The claim numbers for each filed claim and the units to which such Claims correspond are set out in "Exhibit B", a copy of which accompanies this Complaint and is incorporated herein.

17. In making such repairs to the buildings, Plaintiff generated repair estimates (hereinafter, "Estimates"), a summary of which are shown on "Exhibit C" and is incorporated herein.

18. The Estimates were based upon the cost to the Loss in accordance with the scope of the damage and, at all times, in accordance with applicable building codes.

19. Plaintiff provided such Estimates to Nationwide on numerous occasions.

20. The final Estimate totaled in excess of Twenty-Five Thousand Dollars ($25,000.00) as shown in "Exhibit C," which is the summary portion of the Estimates that Plaintiff provided to Nationwide, and which Plaintiff hereby incorporates herein.

21. To date, Nationwide two payments totaling $8,841.35.

22. Despite repeated communications from Plaintiffs or Insured to Nationwide, as well as the submission of the Claims, Nationwide has failed to continues to fail to pay the appropriate costs to repair the Loss, including overhead and profit, costs in dealing with Nationwide refusal to pay the appropriate amounts, and other valid charges, expenses, and costs.

23. Upon information and belief, the Policy provides for arbitration of disputes.

24. Plaintiffs submitted to Nationwide multiple demands for arbitration of the Claims to which Nationwide did not respond or deny.

25. Plaintiffs have submitted multiple requests for its overhead and profit in accordance with the Policy and industry practice, to which Nationwide did not respond or deny.

26. Plaintiffs have submitted multiple requests for its ordinances and law allowances to make repairs in accordance with the applicable building standards then-prevailing, to which Nationwide did not respond or deny.

27. Upon information and belief, any initial offer of resolution from Nationwide upon submission of the Claims that failed to include amounts to which the Insured and/or Plaintiffs were entitled under the Policy, if accepted, was/were accepted due to necessity of immediate repairs.

28. Upon information and belief, at no time since the date of Loss has/have the Insured or Plaintiffs waived its/their entitlement to any amounts properly due and payable under the Policy.

**FIRST CLAIM FOR RELIEF**
**(Violation of N.C.G.S. §58-63-15(11))**

29. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. Nationwide and Insured did enter into a policy of insurance, identified above as the Policy, the terms and conditions of which are incorporated herein by reference.

31. Such policy provides coverage to Insured for a loss from wind/hail damage.

32. By the terms ands conditions of the Policy, Insured did suffer a loss identified above as the Loss.

33. Insured and Plaintiffs made numerous demands to Nationwide to pay the appropriate amount of the Loss and as set forth in the estimates identified above as the Estimates.

34. Insured did make claims under the Policy, identified above as the Claims, to which Nationwide did not respond, and ninety (90) days did elapse.

35. Nationwide is in violation of N.C.G.S §58-63-15(11), and as a direct result and consequence thereof, Plaintiffs have suffered actual and consequential damages in an amount to be determined, including the attorneys' fees, and other costs and expenses.

36. A summary of charges that predate this Complaint are shown on "Exhibit C," which Plaintiffs hereby incorporate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Refusal of Insurance Claim)

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38. Nationwide and Insured did enter into a policy of insurance, identified above as the policy, the terms and conditions of which are incorporated herein by reference.

39. Such Policy provides coverage to Insured for a loss from hail damage.

40. By the terms and conditions of the Policy, Insured did suffer a loss identified above as the Loss.

41. Plaintiffs, as assignee of the Insured, made numerous demands to Nationwide to pay the appropriate amount of the Loss and as set forth in the estimates identified above as the Estimates.

42. Insured did make Claims on the Policy, to which Nationwide has:

   a. Made no attempt to properly investigate;

   b. Failed to provide adequate coverage for the Loss covered by the Policy;

   c. Failed to acknowledge with reasonable promptness pertinent communications with respect to the Claims under the Policy;

d. Failed to adopt and implement reasonable standards for the prompt investigation and settlement of the Claims;

   e. Failed or did not attempt in good faith to effect prompt, fair, and equitable, settlement of these Claims;

   f. Failed to pay overhead and profit or for required code upgrades; and

   g. Compelled Plaintiffs to institute a suit to recover benefits due under the Policy.

43. As a result of Nationwide bad faith refusal to pay the Claims, Plaintiffs have suffered and continue to suffer actual and consequential damages in an amount to determined, actual damages in the amount of the unpaid Claims amounts under the Policy, punitive damages, attorneys' fees and other costs and expenses.

## THIRD CLAIM FOR RELIEF
### (Unfair Trade Practices in violation of N.C. Gen. Stat. § 75-1.1)

44. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43, as though fully set forth herein.

45. Defendants entered into an Insurance Policy and willfully failed to pay multiple claims, for covered losses. In addition, Defendants willfully ignored repeated demands for Arbitration, multiple requests for its overhead and profit, and multiple requests for its ordinances and law allowances to make repairs.

46. Defendants' actions constitute unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1.

47. As a result of Defendants' violation of N.C. Gen. Stat. § 75-1.1, Plaintiff has incurred damages in excess of $25,000.00 and Plaintiff is entitled to treble damages in accordance with N.C. Gen. Stat. § 75-16 and payment of attorney fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment as to the Insured)

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiffs would show that the Insured did assign its/their Claims to Piedmont.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment as to Nationwide)

50. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiffs would show that Nationwide must honor the assignments of the Insured's Claims to Plaintiffs thereto.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment: Entitled to Overhead and Profit)

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiffs would show that Nationwide is responsible for contractor overhead and profit under the Policy.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment: Ordinance and Law)

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiffs would show that Nationwide is responsible to include in its payments on the Claims funds sufficient to allow repairs to be done in accordance with applicable building code standards.

**WHEREFORE**, Plaintiffs respectfully request that this Court inquire into the matter(s) set forth herein and issue an Order as follows:

A. That this Court find that Nationwide breached its contractual duties owed to the Insured and Plaintiffs, as assignees of the Insured;

B. That Plaintiffs be entitled to a judgment against Nationwide for all amounts due for the Claim under the Policy;

C. That Plaintiffs be entitled to an award of actual, consequential, expectation, and punitive damages, court costs and fees, and pre-judgment and post-judgment interest;

D. That Plaintiffs be entitled to an award of reasonable attorneys' fees, costs, and expenses;

-6-

Case 1:22-cv-00733-WO-LPA    Document 4    Filed 09/02/22    Page 6 of 18

E. For punitive damages pursuant to N.C. Gen. Stat. §1D-1.

F. For treble damages pursuant to N.C. Gen. Stat. § 75-1.1.

G. Declaratory judgment that Nationwide is required to honor any assignment of the Claims;

H. Declaratory judgment that Nationwide is required to pay Plaintiffs' overhead and profit under the Policy;

I. That Plaintiffs are entitled to amend this Complaint as they learn or uncover new information;

J. That this Court or presiding judge retain jurisdiction to settle all outstanding disputes, supplemental matters, or administrative functions related to this Complaint; and

K. For any and all other and further relief as this Honorable Court may deem just, proper, and appropriate under the circumstances.

This the 7 day of July, 2022

By: _____
John David Matheny II
N.C. Bar #49387
516-D River Highway Suite 198
Mooresville, NC 28117
984-269-3829
mathenylawpllc@gmail.com

## VERIFICATION

Ronald Pierce, Member and Manager for Piedmont Roofing Services, LLC, being first duly sworn, deposes and says:

That I have read the foregoing Complaint and know the contents thereof; that I am authorized to execute this Verification on behalf of the Plaintiff; that the facts stated in the Complaint are to my own knowledge and/or are consistent with the books and records of Piedmont Roofing Services, LLC, except as to those contained therein alleged upon information and belief, and as to those matters, I believe them to be true

_____
Ronald Pierce

Sworn to and subscribed to before me

This is the __7__ day of __July__ 2022.

_____
Notary Public

Notary Commission Expires: __1-5-26__

DAVID MATHENY
NOTARY PUBLIC
IREDELL COUNTY
NORTH CAROLINA
MY COMMISSION EXPIRES 1/5/2026



Ex. A

**PIEDMONT ROOFING SERVICES, L.L.C.**

4917 Cedar Forest Drive
Charlotte, NC 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

## PROPOSAL AND CONTRACT

This Agreement made this 3 day of JAN, 20 21 by and between Piedmont Roofing Services, L.L.C. and
Owner(s) CLARENCE YARBOROUGH
Address 2973 NORTH NC HWY 49 BURLINGTON NC 27217
Phone 336.263-7476 Email

**1. SCOPE OF WORK AND PRICE:** Piedmont Roofing Services, L.L.C shall provide all labor and materials necessary to perform the roofing work described below ("Work") in exchange for a lump sum payment in the amount of $ PAID 500 :

Color: CHARCOAL  Roof Brand: IKO  Year: 30
Fiberglass Shingles: GRAY

Special Provisions: (If none, so state) IN ACCORDANCE WITH INSURANCE SUMMARY AND SUPPLEMENTS AS REQUIRED

**ASSIGNMENT OF INSURANCE CLAIM:**

I, CLARENCE YARBOROUGH ("Assignor"), for good and valuable consideration, hereby assign to Ronald Pierce/Piedmont Roofing Services, LLC, ("Assignee") the following:

1. Any and all rights, title and interest (both legal and equitable) set forth in the insurance policy between Assignor and NATIONWIDE ("Insurer"), Policy Number 6132 HL 055611 (the "Policy"), with respect to any and all claims which Assignor may possess as against Insurer pursuant to the Policy for or relating to any loss which may be associated with claim number _____ or associated with the event of loss that occurred on _____ (the "Insurance Claim"); and 299590-6L

2. Any and all causes of actions (both legal and equitable) which Assignor may have as against Insurer in connection with Insurance Claim at issue and/ or arising out of the failure of Insurer to pay for said loss pursuant to the terms of the policy.

**ASSIGNMENT OF INSRUANCE PROCEEDS:**
I hereby authorize and direct any and all insurance carriers, attorneys, agencies, governmental departments, companies, and individuals ("payers"), which may elect or be obligated to pay, provide, or distribute insurance proceeds or damages to me based on any property insurance policies I may have, to pay directly and exclusively to Piedmont Roofing Services, L.L.C by me. The assignment of proceeds hereunder shall include, but not be limited to, proceeds from any insurance claim, settlement, judgement, or verdict.

This agreement constitutes the complete agreement between the parties and shall be binding upon each of the parties and their respective heirs, executors, administrators, successors, agents and assigns.
IN WITNESS WHEREOF, by signing below, the parties hereto agree to be bound to each other by the terms and conditions contained in this Agreement.

Piedmont Roofing Services, L.L.C.: _[signature]_  Print Name RONALD L PIERCE  Date 1-3-21
Owner Signature: _[signature]_  Print Name Clarence Yarborough  Date 1-3-2021

## ADDITIONAL WORK

It is not uncommon for additional damage, including water damaged, de-laminated, cracked or rotted materials to be discovered during removal of existing materials. Such additional damage may require repair before the Work can be completed. Piedmont Roofing Services, L.L.C. cannot and does not assume responsibility for any unseen or additional damages. Piedmont Roofing Services, L.L.C. will replace damaged or rotten materials for an additional charge(s).

## PAYMENT

Piedmont Roofing Services, L.L.C. will issue a final invoice upon completion of the Work. Payment for all Work shall be due in full upon receipt of the final invoice. Any outstanding amounts not paid within five (5) days of receipt of the final invoice shall incur service charges equal to 1.5% per month, and Owners agree to pay in full all costs and expenses, including reasonable attorneys' fees, incurred in collecting any past due amounts.

## NOTICE

Due to the nature of the Work, it is common for sawdust, fasteners and other debris to accumulate in the attic. The Owners are responsible for covering the attic floor and any other personal property to prevent damage, and holds Piedmont Roofing Services, L.L.C. harmless for any damages to Owner's attic or personal property caused by debris.

## WARRANTY

Piedmont Roofing Services, L.L.C. hereby transfers to Owner upon final payment all manufacturers' warranties on materials installed. Piedmont Roofing Services, L.L.C. hereby further warrants for a period of five (5) years that all Work was performed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction. Piedmont Roofing Services, L.L.C's liability under this warranty shall be limited to replacing or repairing defective workmanship.
**TO THE FULLEST EXTENT ALLOWED BY LAW, ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF HABITABILITY OR FITNESS FOR PARTICULAR USE, ARE HEREBY DISCLAIMED AND WAIVED, NO ONE CAN ADD TO OR VARY THE TERMS OF THIS WARRANTY, ORALLY OR IN WRITING.**

## ARBITRATION

Any controversy, dispute, or claim arising out of or relating to this Agreement shall be settled by binding arbitration in Charlotte, North Carolina, before a single arbitrator, in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The prevailing party shall be entitled to recover from the non-prevailing party its reasonable costs of the action, including attorneys' fees. This arbitration clause shall not prevent nor bar Piedmont Roofing Services, L.L.C. from filing or enforcing any liens it may have under N.C. Gen. Stat.§ 44A-8, *et. seq.* or otherwise in a court of competent jurisdiction.

## CANCELLATION

You the POLICY OWNER wish to cancel this contract have three (3) days in North Carolina; or five (5) in South Carolina, to sign and date, fax or email to Piedmont Roofing Services, L.L.C. on the same date as signed.

Signature: _____ Date: _____



*Ex. B*
**CLARENCE & FAYE YARBOROUGH**
Page 1 of 2

| | |
|---|---|
| **Date prepared** | May 17, 2021 |
| **Notice of loss date** | November 23, 2020 |
| **Claim number** | 299590-GL |
| **Policy number** | 6132HR055611 |
| **Questions?** | Contact Claims Associate Johnathon Baldwin BALDWJ4@nationwide.com Phone 919-368-8162 Fax 855-886-8157 |

CLARENCE & FAYE YARBOROUGH
2973 N NC HIGHWAY 49
BURLINGTON, NC  27217

## Claim details

| | |
|---|---|
| Insurer: | Nationwide General Insurance Company |
| Policyholder: | CLARENCE & FAYE YARBOROUGH |
| Claimant: | CLARENCE & FAYE YARBOROUGH |
| Claim number: | 299590-GL |
| Loss date: | November 12, 2020 |
| Loss location: | 2973 N NC HIGHWAY 49, BURLINGTON, NC 27217-8633 |

Dear CLARENCE & FAYE YARBOROUGH,

The final appraisal award has been reached on your claim. Please see the following breakdown of the settlement details:

Umpire award amount: $12,872.46
Less your deductible: $2,000.00
---
Total due based on the award: $10,872.46
*Less payments already issued by Nationwide: $ 8,841.35
---
Net balance due to you: $2,031.11

*Payment issued by Nationwide 1/13/2021 for $6,943.59
*Payment issued by Nationwide 2/10/2021 for $1,897.76
---
Total: $8,841.35

A copy of the award is included with this letter. We now consider your claim resolved. As a reminder, please review the policy language below that states you are responsible for paying your appraiser and half of the umpire invoice.

SECTION I — CONDITIONS
F. Appraisal
If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A

decision agreed to by any two will set the amount of loss.
Each party will:
1. Pay its own appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

## For more information

If you have any questions or concerns, please contact me at 919-368-8162 or BALDWJ4@nationwide.com.

Sincerely,

Johnathon Baldwin
Nationwide General Insurance Company
PO BOX 182068
COLUMBUS, OH 43218-2068

cc
PREMIER CLAIM SERVICES LLC

**Piedmont Disaster Services LLC**   Ex. C

4917 Cedarforest Drive,
Charlotte, NC. 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

| | |
|---|---|
| Client: | CLARENCE & FAYE YARBOROUGH |
| Property: | 2973 N NC HIGHWAY 49 |
| | BURLINGTON, NC 27217 |
| | |
| Operator: | OA1 |
| | |
| Estimator: | Ronald Pierce |
| | |
| Type of Estimate: | Wind Damage |
| Date Entered: | 2/5/2021     Date Assigned: |
| | |
| Price List: | NCCP8X_FEB21 |
| Labor Efficiency: | Restoration/Service/Remodel |
| Estimate: | YARBOROUGH |

**CLAIM# 299590-GL**

All supplemented items are bolded and constitute the results of our visual inspection prior to build-back. An additional supplement may be required if hidden damages are discovered during build-back.

# Piedmont Disaster Services LLC

4917 Cedarforest Drive,
Charlotte, NC. 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

## YARBOROUGH

### General Conditions

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 1. Dumpster load - Approx. 12 yards, 1-3 tons of debris | 1.00 EA | 366.57 | 0.00 | 0.00 | 73.32 | 439.89 |
| 2. Asbestos test fee - self test (per sample) | 3.00 EA | 0.00 | 59.40 | 0.00 | 35.64 | 213.84 |
| Totals: General Conditions | | | | 0.00 | 108.96 | 653.73 |

### Detached Shop

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 3. Tear off, haul and dispose of comp. shingles - 3 tab | 18.43 SQ | 45.46 | 0.00 | 0.00 | 167.56 | 1,005.39 |
| 4. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 20.33 SQ | 0.00 | 204.64 | 120.21 | 856.10 | 5,136.64 |
| 5. Roofing felt - 15 lb. | 12.67 SQ | 0.00 | 30.73 | 4.83 | 78.84 | 473.02 |
| 6. Ice & water barrier | 576.00 SF | 0.00 | 1.46 | 13.22 | 170.84 | 1,025.02 |
| structure is heated | | | | | | |
| 7. R&R Drip edge | 172.77 LF | 0.29 | 2.32 | 8.63 | 91.90 | 551.46 |
| 8. Asphalt starter - universal starter course | 172.77 LF | 0.00 | 2.17 | 7.58 | 76.50 | 458.99 |
| 9. Ridge cap - composition shingles | 48.00 LF | 0.00 | 4.08 | 3.40 | 39.84 | 239.08 |
| 10. R&R Furnace vent - rain cap and storm collar, 5" | 1.00 EA | 9.17 | 54.56 | 1.35 | 13.04 | 78.12 |
| 11. R&R Skylight flashing kit - dome | 3.00 EA | 5.35 | 101.19 | 17.66 | 67.48 | 404.76 |
| Totals: Detached Shop | | | | 176.88 | 1,562.10 | 9,372.48 |

### Shed

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 12. Tear off, haul and dispose of comp. shingles - 3 tab | 3.73 SQ | 45.46 | 0.00 | 0.00 | 33.92 | 203.49 |
| 13. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 4.33 SQ | 0.00 | 204.64 | 25.60 | 182.34 | 1,094.03 |
| 14. Roofing felt - 15 lb. | 3.73 SQ | 0.00 | 30.73 | 1.42 | 23.20 | 139.24 |
| 15. R&R Drip edge | 77.34 LF | 0.29 | 2.32 | 3.86 | 41.14 | 246.86 |

YARBOROUGH 2/26/2021 Page: 2

# Piedmont Disaster Services LLC

4917 Cedarforest Drive,
Charlotte, NC. 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

### CONTINUED - Shed

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 16. Asphalt starter - universal starter course | 77.34 LF | 0.00 | 2.17 | 3.39 | 34.24 | 205.46 |
| 17. Ridge cap - composition shingles | 60.00 LF | 0.00 | 4.08 | 4.25 | 49.82 | 298.87 |
| 18. Remove Additional charge for steep roof greater than 12/12 slope | 3.05 SQ | 23.34 | 0.00 | 0.00 | 14.24 | 85.43 |
| 19. Additional charge for steep roof greater than 12/12 slope | 3.33 SQ | 0.00 | 87.78 | 0.00 | 58.46 | 350.77 |
| Totals: Shed | | | | 38.52 | 437.36 | 2,624.15 |

### Roof

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 20. Tear off, haul and dispose of comp. shingles - 3 tab | 45.30 SQ | 45.46 | 0.00 | 0.00 | 411.86 | 2,471.20 |
| 21. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 50.00 SQ | 0.00 | 204.64 | 295.65 | 2,105.54 | 12,633.19 |
| 22. Roofing felt - 15 lb. | 31.53 SQ | 0.00 | 30.73 | 12.02 | 196.18 | 1,177.12 |
| 23. Ice & water barrier | 1,377.00 SF | 0.00 | 1.46 | 31.60 | 408.40 | 2,450.42 |
| 24. R&R Drip edge | 327.68 LF | 0.29 | 2.32 | 16.37 | 174.32 | 1,045.94 |
| 25. Asphalt starter - universal starter course | 327.68 LF | 0.00 | 2.17 | 14.38 | 145.10 | 870.55 |
| 26. Ridge cap - composition shingles | 114.73 LF | 0.00 | 4.08 | 8.13 | 95.24 | 571.47 |
| 27. R&R Continuous ridge vent - shingle-over style | 80.00 LF | 0.72 | 8.63 | 18.14 | 153.22 | 919.36 |
| 28. Remove Additional charge for steep roof - 7/12 to 9/12 slope | 37.35 SQ | 11.96 | 0.00 | 0.00 | 89.34 | 536.05 |
| 29. Additional charge for steep roof - 7/12 to 9/12 slope | 41.33 SQ | 0.00 | 44.18 | 0.00 | 365.20 | 2,191.16 |
| 30. Ice & water barrier in valleys | 90.00 SF | 0.00 | 1.46 | 2.07 | 26.70 | 160.17 |
| 31. R&R Chimney flashing - average (32" x 36") | 1.00 EA | 16.05 | 387.54 | 5.37 | 81.80 | 490.76 |
| 32. R&R Furnace vent - rain cap and storm collar, 5" | 1.00 EA | 9.17 | 54.56 | 1.35 | 13.04 | 78.12 |
| 33. R&R Flashing - pipe jack | 1.00 EA | 6.02 | 41.81 | 0.69 | 9.70 | 58.22 |
| 34. Step flashing | 35.00 LF | 0.00 | 9.52 | 3.64 | 67.36 | 404.20 |
| 35. Material Only Tarp - all-purpose poly - per sq ft (material) | 100.00 SF | 0.00 | 0.23 | 1.55 | 4.92 | 29.47 |
| 36. Temporary Repairs - per hour | 4.00 HR | 0.00 | 55.36 | 0.00 | 44.28 | 265.72 |
| Totals: Roof | | | | 410.96 | 4,392.20 | 26,353.12 |

YARBOROUGH  2/26/2021  Page: 3

# Piedmont Disaster Services LLC

4917 Cedarforest Drive,
Charlotte, NC. 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

## Interior

### Dining Room

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 37. Contents - move out then reset | 1.00 EA | 0.00 | 45.09 | 0.00 | 9.02 | 54.11 |
| 38. Mask wall - plastic, paper, tape (per LF) | 53.00 LF | 0.00 | 1.33 | 0.93 | 14.28 | 85.70 |
| 39. R&R 1/2" drywall - hung, taped, floated, ready for paint | 8.00 SF | 0.36 | 2.27 | 0.26 | 4.28 | 25.58 |
| 40. Remove Acoustic ceiling (popcorn) texture | 164.50 SF | 0.39 | 0.00 | 0.00 | 12.84 | 77.00 |
| 41. Acoustic ceiling (popcorn) texture | 170.50 SF | 0.00 | 1.00 | 0.81 | 34.26 | 205.57 |
| 42. Seal the ceiling w/latex based stain blocker - one coat | 170.50 SF | 0.00 | 0.54 | 0.81 | 18.58 | 111.46 |
| 43. Floor protection - self-adhesive plastic film | 170.50 SF | 0.00 | 0.59 | 1.61 | 20.44 | 122.65 |
| 44. Final cleaning - construction - Residential | 170.50 SF | 0.00 | 0.19 | 0.00 | 6.48 | 38.88 |

Totals: Dining Room     4.42     120.18     720.95

### Den

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 45. Contents - move out then reset | 1.00 EA | 0.00 | 45.09 | 0.00 | 9.02 | 54.11 |
| 46. Mask wall - plastic, paper, tape (per LF) | 60.33 LF | 0.00 | 1.33 | 1.06 | 16.26 | 97.56 |
| 47. R&R 1/2" drywall - hung, taped, floated, ready for paint | 38.00 SF | 0.36 | 2.27 | 1.26 | 20.26 | 121.46 |
| 48. Remove Acoustic ceiling (popcorn) texture | 169.67 SF | 0.39 | 0.00 | 0.00 | 13.24 | 79.41 |
| 49. Acoustic ceiling (popcorn) texture | 201.67 SF | 0.00 | 1.00 | 0.95 | 40.54 | 243.16 |
| 50. Seal the ceiling w/latex based stain blocker - one coat | 201.67 SF | 0.00 | 0.54 | 0.95 | 21.98 | 131.83 |
| 51. Seal/prime then paint the walls (2 coats) | 407.22 SF | 0.00 | 0.86 | 4.67 | 70.98 | 425.86 |
| 52. Floor protection - self-adhesive plastic film | 201.67 SF | 0.00 | 0.59 | 1.91 | 24.18 | 145.08 |
| 53. Final cleaning - construction - Residential | 201.67 SF | 0.00 | 0.19 | 0.00 | 7.66 | 45.98 |

Totals: Den     10.80     224.12     1,344.45

**Piedmont Disaster Services LLC**

4917 Cedarforest Drive,
Charlotte, NC. 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

### Entry Room

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 54. Contents - move out then reset | 1.00 EA | 0.00 | 45.09 | 0.00 | 9.02 | 54.11 |
| 55. Mask wall - plastic, paper, tape (per LF) | 54.00 LF | 0.00 | 1.33 | 0.95 | 14.56 | 87.33 |
| 56. R&R 1/2" drywall - hung, taped, floated, ready for paint | 8.00 SF | 0.36 | 2.27 | 0.26 | 4.28 | 25.58 |
| 57. Remove Acoustic ceiling (popcorn) texture | 172.00 SF | 0.39 | 0.00 | 0.00 | 13.42 | 80.50 |
| 58. Acoustic ceiling (popcorn) texture | 180.00 SF | 0.00 | 1.00 | 0.85 | 36.18 | 217.03 |
| 59. Seal the ceiling w/latex based stain blocker - one coat | 180.00 SF | 0.00 | 0.54 | 0.85 | 19.62 | 117.67 |
| 60. Floor protection - self-adhesive plastic film | 180.00 SF | 0.00 | 0.59 | 1.70 | 21.58 | 129.48 |
| 61. Final cleaning - construction - Residential | 180.00 SF | 0.00 | 0.19 | 0.00 | 6.84 | 41.04 |
| Totals: Entry Room | | | | 4.61 | 125.50 | 752.74 |
| Total: Interior | | | | 19.83 | 469.80 | 2,818.14 |

### Labor Minimums Applied

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 62. Hazardous waste/mold rem. labor min | 1.00 EA | 0.00 | 62.06 | 0.00 | 12.42 | 74.48 |
| 63. Skylight labor minimum | 1.00 EA | 0.00 | 80.41 | 0.00 | 16.08 | 96.49 |
| 64. Heat, vent, & air cond. labor minimum | 1.00 EA | 0.00 | 137.98 | 0.00 | 27.60 | 165.58 |
| Totals: Labor Minimums Applied | | | | 0.00 | 56.10 | 336.55 |
| **Line Item Totals: YARBOROUGH** | | | | 646.19 | 7,026.52 | 42,158.17 |

**Piedmont Disaster Services LLC**

4917 Cedarforest Drive,
Charlotte, NC. 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

## Summary

| | |
|---|---:|
| Line Item Total | 34,485.46 |
| Material Sales Tax | 646.19 |
| Subtotal | 35,131.65 |
| Overhead | 3,513.26 |
| Profit | 3,513.26 |
| **Replacement Cost Value** | **$42,158.17** |
| **Net Claim** | **$42,158.17** |

Ronald Pierce

YARBOROUGH　　　　　　2/26/2021　　　Page: 6

Case 1:22-cv-00733-WO-LPA    Document 4    Filed 09/02/22    Page 18 of 18